[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff husband commenced this action for dissolution of marriage on the grounds of irretrievable breakdown by complaint dated December 19, 2000.
Each party was present at trial, represented by counsel and testified. The trial continued over the course of three days and at the conclusion of trial each counsel and the attorney for the minor children were given the opportunity to make closing oral argument.
From the evidence the court finds as follows:
The parties were married on November 17, 1990 at Wallingford, Connecticut. They have resided continuously in the State of Connecticut for more than one year before the date of the complaint.
The defendant husband possesses an associate's degree and is employed as a manager of a laboratory associated with a group of medical doctors. The wife has three and a half years of college with a major in business administration. In the past, she has been employed in office jobs. At the present time she works about one day a week for a cleaning service owned by her mother and located in the state of New York. She testified that she has a job prospect working in a clerical position for her brother-in-law who owns a mortgage company. She also has some expectation of taking over her mother's cleaning business. It is clear that she has marketable skills. Each party appears to be in general good health, although the wife has been receiving chiropractic treatment for a knee problem. The parties have three children, Justin, born March 31, 1991, Stephanie, born February 8, 1993 and John, born June 3, 1994. Neither plaintiff nor defendant is receiving support and/or maintenance from the State of Connecticut.
The husband has gross income from his principal employment of $1,067.00 per week, his financial affidavit shows a total net income of $870.00 per week.
The wife presently earns $100.00 per week working on the weekend for her mother's cleaning business. In addition, she receives present alimony of $150.00 per week and child support in the amount of $311.00 per week. It is clear that the wife's skills, her health, and the age of the children make it possible for the wife to return to the work force.
The evidence shows that the plaintiff husband has used marijuana and CT Page 11074 cocaine on occasion throughout the marriage. While the evidence is somewhat disputed, the court finds that the plaintiff husband has on numerous occasions throughout the marriage used alcohol to excess. The plaintiff has had a gambling problem which caused him to have to take a loan against his 401K because of debts incurred in gambling. The court finds that the husband was verbally abusive to the wife and on at least one occasion was physically abusive to her. The husband appears to have had an abnormal interest in pornographic material and less than a normal interest in sexual relations with his wife throughout the course of the marriage.
At this point in time the wife clearly lacks any affection for the husband. Throughout the marriage the wife appears to have been overly demanding and difficult for the husband to satisfy financially. From the extent of testimony of both parties, it does not appear to the court that they ever experience a tranquil marriage relationship. On a few occasions the wife participated with the husband in the use of marijuana and/or cocaine.
The court finds that the husband's drug abuse, alcohol abuse and gambling significantly contributed to the breakdown of the marriage.
Each party appears to the court to be a competent and caring parent. Their three children are intelligent and well adjusted. The children, represented by an attorney at the dissolution trial expressed a preference to continue to reside in the family home in Wallingford.
In support of her intention to relocate to New York, the defendant has alleged that her purpose for seeking relocation is an opportunity for better employment, the opportunity to be near her extended family, and the ability to give her children exposure to a more diverse environment. There is no evidence that the children's education would be enhanced as a result of a move to New York. There is some evidence that the defendant would have broader employment opportunities in New York. There is clear evidence that the defendant would have the support of an extended family in New York and that such support would be lacking in Wallingford. The defendant makes it clear that her proposed move is also motivated by a desire to distance herself from the plaintiff. Their relationship has been one of great animosity which was present both before and after the institution of the action for dissolution. Each regards the other as vindictive, each is mistrustful of the other and of the other's intention. While there has been some efforts at co-parenting, animosity and distrust have sabotaged those efforts.
The court notes that the wife's proposed relocation is to a city which can be reached by car in about an hour and a half. The court finds that CT Page 11075 to some extent the defendant's desire to move is motivated by a desire to punish her husband. Conversely, the court finds that to some extent the husband's objection is motivated by his desire to control his wife.
Mr. Andrew Castle, Family Relations Counselor, reviewed the question of custody. He concluded as follows:
 "Family Services recommends joint custody with physical custody with the mother. The father will care for the children on alternating weekends and have weekly contact with them. If the mother has no financial means of caring for the children and she is forced to move with the children, the father would care for the children every weekend. The parents would then share in the transportation and meet at a halfway point. The parents will share holidays and vacations."
The plaintiff argues that the Family Relations report amounts to a recommendation against relocation. Although the court does not find that the mother is incapable of obtaining employment in the Wallingford area, the court finds the recommendation equivocal.
The court finds that the parties have acquired the following assets:
A. Husband
1981 Renken Boat, value $1,000.00
2000 40hp Mercury Outboard, value $3,000.00
Kenwood Stereo, value $500.00
Computer with printer, value $500.00
 401K Connecticut Medical Group, Charles Schwab, pension plan $53,409.00 subject to a loan with a present balance of $15,981.00 and an additional loan to be taken for legitimate reasons in the amount of $6,750.00 1994 Ford Explorer, value $9,900.00, with a loan balance of $13,000.00
B. Wife
1989 Ford Taurus, value $600.00 CT Page 11076
C. Joint
 Resident located at 88 South Ridgeland Road, Wallingford, value $145,000.00, mortgage $104,000.00
The court has considered all of the criteria in § 46b-81, and § 46b-82 in light of the evidence and findings in determining the awards set forth below. The court has considered the Supreme Court opinion in Ireland v. Ireland, 246 Conn. 413 (1998) and its prodigy on the issue of relocation. The court has considered in particular detail the trial court opinion in Holley v. Holley, 2000 WL 1227905 (Conn. supra). The court recognizes that both Holly and Ireland concern post judgment relocation. Nevertheless, the consideration that enters into a question of a relocation would appear to be similar although burdens of proof may be different. The court has also considered the taxable implications and consequences of its orders. The following orders are entered:
1. The marriage is dissolved.
2. The parties shall have joint legal custody of the minor children with primary residence with the defendant mother.
A. The parenting plan shall be as follows:
The plaintiff father shall enjoy visitation with the minor children on each of three consecutive weekends, from Friday after school or work till Sunday at 7:00 p.m. On the fourth consecutive weekend the defendant mother shall have that one weekend. This rotation of weekends with three weekends for the father and one weekend for the mother shall continue until further order of the court. The parties shall meet each other at a mutually convenient location that is equally distant from their respective places of residence to exchange the children for visitation. The parties shall share major holidays on an annual basis. In addition, the plaintiff father may have visitation on a Monday from 4:00 p.m. to 8:00 p.m. when such a Monday follows a weekend when he did not have weekend visitation. The father shall be solely responsible for transportation for a Monday visitation. The father shall have visitation on his birthday and Fathers Day, Christmas, Thanksgiving, New Years and Easter holidays will be shared, parties to alternate days and evenings. The father shall have two weeks visitation with the children during summer vacation. These two weeks may be, but need not be, consecutive. The husband shall provide notice of visitation plans to the wife not later than June 1 of each year. The wife shall provide the husband with a two hour window on each Monday, Wednesday and Friday, and on Sunday on the weekends when he does not have visitation, during which he may contact the children by telephone. The telephone contact shall not exceed CT Page 11077 thirty minutes in duration in total for the three children.
B. Relocation:
The wife may relocate with the children to Lagrange, New York or any location within twenty miles of Lagrange, New York, which location is no farther from Wallingford, Connecticut than Lagrange, New York.
C. Child Support:
The plaintiff will pay child support in the amount of $311.00 per week in accordance with the Connecticut Child Support Guidelines.
D. Health Insurance:
The plaintiff husband shall provide health insurance in accordance with § 46b-84d or insurance shall be provided by the Husky Plan.
E. Mediation:
In the event of a disagreement between the parties, the parties are ordered to submit any such disagreement to private mediation or Family Relations Department Mediation prior to initiate any litigation regarding the matter in Superior Court.
F. Family Residence:
The defendant wife is awarded exclusive use and possession of the residence located at 88 South Ridgeland Road, Wallingford, Connecticut. Plaintiff husband shall deliver to defendant wife all keys to the house in his possession or control. The plaintiff shall transfer all of his interest in the property to the defendant. The defendant shall hold the plaintiff harmless on the existing mortgages taxes, utilities and all other expenses relating to the house, including any outstanding balances on the same.
G. Personal Property:
The husband shall retain his vehicle, boat with motor, stereo, computer with printer, and personal effects. The wife will retain all household goods and furnishings and any other assets listed on her financial affidavit.
H. Life Insurance:
Husband to maintain life insurance as presently existing, naming the CT Page 11078 minor children as beneficiaries for so long as child support obligations remain in effect.
I. Accounts:
Each party shall retain his or her respective bank accounts without any claim on the other. The plaintiff husband shall retain his 401K free and clear of any claim by the defendant wife.
J. Alimony:
The plaintiff shall pay alimony to the defendant in the amount of $150.00 per week for a period of twenty-six weeks. The plaintiff husband shall then pay alimony in the amount of $100.00 per week for a period of twenty-six weeks. Following said fifty-two week period the husband shall pay $1.00 per year as alimony until the youngest child reaches the age of eighteen. Said alimony is modifiable as to terms and amount, except it shall terminate upon death, co-habitation, or remarriage of the defendant. The plaintiff shall be entitled to no alimony.
K. Medical Bills:
The plaintiff shall pay any and all outstanding medical bills and debts that he was previously ordered to pay and which remain unpaid.
L. Attorney's Fees:
The plaintiff shall pay the defendant's counsel fees in this matter in the amount of $6,500.00.
By the Court,
 Kevin E. Booth Judge of the Superior Court